UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON GILLIAM, et al.,

                  Plaintiffs,

            - against -

ADDICTS REHABILITATION CENTER
FUND, et al.,

                  Defendants.

**OPINION AND ORDER**

**05 Civ. 3452 (RJH) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Sharon Gilliam, Trina Grant, and Timonthy Mitchell, individually, and on behalf of others similarly situated, bring this action against defendants Addicts Rehabilitation Center Foundation, Inc., Addicts Rehabilitation Center Fund, Inc., and James Allen (collectively, "defendants"). Plaintiffs filed the complaint on April 1, 2005, alleging defendants failed to compensate them for work they performed between November 19, 1998, and the date of judgment in this action in violation of the Fair Labor Standards Act ("FLSA"), and New York Labor Law. Before the Court is plaintiffs' application to enforce its document requests. For the reasons which follow, plaintiffs' request is **GRANTED**.

## II. BACKGROUND

On August 19, 2005, the Honorable Richard J. Holwell referred this matter to the undersigned for settlement. The parties were not able to reach agreement, and on January 11, 2006, the matter was referred for general pretrial supervision. By letter dated December 23, 2005 ("December 23 Letter"), plaintiffs asked the Court for assistance in the resolution of discovery

disputes. Defendants filed a response to plaintiffs' application on January 9, 2006 ("January 9 Letter"). The Court held a telephone conference on January 20, 2006 ("January 20 conference"), to resolve the disputes.

## III. DISCUSSION

Plaintiffs request records concerning defendants' timekeeping, payroll, and policies and procedures. Defendants have produced timekeeping records concerning the post-2002 period, but not for the pre-2002 period. They have also failed to produce payroll information, and manuals setting forth policies and procedures. Defendants do not contest the relevance of the information sought, but contend that they have disclosed several thousand pages of responsive documents, and given plaintiffs access to their payroll program for inspection. They assert that responsive payroll and timekeeping records are kept both in electronic format, and in document form, but that they cannot be produced in electronic form without compromising private information about employees.

### A. Compact Discs

Defendants have identified one hundred and forty-eight compact discs ("discs") which contain information responsive to plaintiffs' demand for records preceding 2002. The discs contain defendants' payroll and timekeeping records for approximately one hundred and fifty employees. The discs also contain personal information – namely, health, credit, and family information. Defendants maintain that they are warranted in withholding the discs because they contain personal information unrelated to plaintiffs' claims.

At a December 14, 2005 settlement conference, the Court had suggested that defendants segregate and extract information from the discs that would be relevant and responsive to

plaintiffs' demands. The Court also advised defendants to file a sworn affirmation from a person with technical knowledge and expertise, setting forth, with specificity, how the information is maintained, and the efforts used to extract the relevant information. Following the Court's recommendation, defendants argue that the relevant information cannot be extracted separately from the personal data. They have submitted an affidavit from their Director of Human Resources to support this contention. *See* Affidavit of Latasha Powell, dated December 27, 2005. The affidavit, however, does not set forth Powell's qualifications to segregate and extract information from the discs, nor does it indicate how the data is maintained on the discs, and why this makes targeted extraction impossible.

Plaintiffs, for their part, have agreed to address the privacy concerns by entering into a confidentiality agreement. Defendants maintain that a confidentiality agreement does not address their concerns because the information should not be viewed by outsiders. The record indicates that this is not entirely accurate. As noted by plaintiffs, and indicated in the Powell affidavit, defendants routinely share the information at issue with a third party, Automatic Data Processing, Inc. ("ADP"). ADP provides payroll and recordkeeping services. Since ADP installed and services the program on the discs, it has access to, processes, and can review the information contained on the discs. *See* Powell Aff. at 2. During the January 20 conference, counsel for defendants was unable to describe the full extent of access afforded to ADP. Since defendants voluntarily disclose the information on the discs to ADP, the Court finds that their arguments for withholding the same information from plaintiffs is without merit.

## B. The Availability of a Less Intrusive Alternative

Defendants contend that plaintiffs have no need to access the non-relevant information on

the discs because they will produce, in paper form, records which contain the relevant information. They describe this production as comprising forty-six boxes and approximately 36,000 pages. Defendants maintain that they cannot provide a time frame for the review and disclosure of responsive documents[1], but there seems little doubt that the time and cost expenditure could be disproportionate to the interests sought to be protected. The undertaking is made more difficult since defendants insist that the material must be reviewed on premises.

In contrast, plaintiffs could make duplicates of the computer discs quickly and inexpensively. These discs could then be reviewed in a more efficient manner and the sensitive information skipped by the reviewer(s). Admittedly, this means that the individual reviewing the computer files could look at the personal data, but the confidentiality order addresses this concern.

The Court is charged with securing the "just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure. In light of Rule 1, since the time frame and cost associated with the review and production of the documents is uncertain, and because plaintiffs will be entitled to attorney's fees if they succeed in this action under FLSA, the production of the discs is appropriate.

**C. Other Records**

Plaintiffs argue that defendants have failed to produce manuals that set forth their policies and procedures. Defendants have no objection to this request, and maintain that they have produced documents responsive to this request. The parties shall convene by January 27, 2006,

---

[1] An indication of the magnitude of the task is that defendants assert that they have not had the time or personnel to review their own production. While some of the difficulty results from staff reductions, it has been four months since plaintiffs submitted their requests.

to ensure that all responsive records have been produced.

### III. CONCLUSION

For the foregoing reasons, it is hereby ordered that by January 27, 2006, the parties shall convene to review information responsive to plaintiffs' demand for timekeeping records preceding 2002; 2) counsel for defendants shall produce compact discs containing information regarding defendants' payroll and timekeeping records to the plaintiffs forthwith; and 3) counsel for defendants shall produce all documents responsive to plaintiffs request for manuals concerning defendants' policies and procedures.

**SO ORDERED this 25th day of January 2006**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**