**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SHARON GILLIAM, et al.,**

      **Plaintiffs,**

    - against -

**ADDICTS REHABILITATION CENTER FUND, et al.,**

      **Defendants.**

**OPINION AND ORDER**

**05 Civ. 3452 (RJH) (RLE)**

---

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Sharon Gilliam, Trina Grant, and Timothy Mitchell, individually, and on behalf of others similarly situated, bring this action against defendants Addicts Rehabilitation Center Foundation, Inc. ("ARC Foundation"), Addicts Rehabilitation Center Fund, Inc. ("ARC"), and James Allen ("Allen"). Plaintiffs filed the complaint on April 1, 2005, alleging defendants failed to compensate them for work they performed in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law. Before the Court is plaintiffs' motion to amend the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure. For the reasons which follow, plaintiffs' request is **GRANTED.**

## II. BACKGROUND

On April 1, 2005, plaintiffs filed their initial class action complaint against defendants. The parties commenced discovery on August 18, 2005. On January 27, 2006, plaintiffs deposed two witnesses, pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, who testified on defendants' payroll and human resources policies. Plaintiffs assert that in the course of these

depositions, they discovered that Reverend Reginald Williams ("William"), ARC Fund's Director of Operations, and ARC's President and Chief Employment Officer, has authority and control over human resources policies and payroll practices. After the depositions, plaintiffs notified defendants that they intended to amend their complaint to include Williams as a named defendant, based on the deposition testimony, and asked defendants to consent to the amendment. More specifically, plaintiffs assert that Allen and Williams are jointly and severably liable for wage and hour violations because they both qualify as employers under FLSA and New York Labor Law. *See* **Herman v. RSR Security Services, Ltd.**, 172 F.3d 132, 139 (2d Cir. 1999). On February 13, 2006, plaintiffs provided a draft amended complaint for defendants' review, and asked for a response by February 16, 2006. The proposed amended complaint adds 1) new named plaintiffs, 2) the names of individuals who have opted into the lawsuit pursuant to 29 U.S.C. § 216(b), 3) Williams as an individual defendant, and 4) retaliation claims which plaintiffs already raised in their response to defendants' counterclaims. Although defendants previously failed to respond, they now oppose the pending motion, in part. More specifically, they oppose the inclusion of Williams as an individual defendant, and the addition of retaliation claims.

### III. DISCUSSION

**A.    The Legal Standard**

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend from the Court. Rule 15(a). Rule 15(a) specifies

that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). Notwithstanding the liberality of the general rule, however, it is within the discretion of the Court whether to grant leave to amend, **John Hancock Mutual Life Insurance Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994), and the Court may deny permission to amend in whole or in part. An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendants. **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

**B.     New Named Plaintiffs and Class Representatives**

The addition of new parties to an action is governed by Rule 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *See also* **Chowdhury v. Haveli Restaurant, Inc.**, 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005). In deciding whether a party may be added under this rule, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." **Soler v. G&Y, Inc.**, 86 F.R.D. 524, 528 (S.D.N.Y. 1980). Rule 21 provides that the Court has discretion to determine whether additional parties should be included in a pending action. **Id**. at 528.

Plaintiffs seek leave to amend the complaint to add new named plaintiffs and class representatives. In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery. **Rohrer v. FSI Futures, Inc.**, 1997 WL 792955, at *1 (S.D.N.Y.

3

Dec. 23, 1997). The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties "involve the same or related factual and legal questions," **Soler**, 83 F.R.D. at 528, as the original complaint. Here, the new named plaintiffs and class representatives have either already opted into the lawsuit prior to seeking this amendment, thus, providing defendants with prior notice of their claims, or assert identical wage and hour claims as those of the plaintiffs in the original complaint. The Court finds, therefore, that the addition of new named plaintiffs and class representatives will not prejudice the defendants. Since the addition of new plaintiffs and class representatives is unopposed by defendants, leave to file these amendments is **GRANTED**.

**C.     Williams as an Individual Defendant**

Individuals may be held personally liable as employers under both FLSA and New York Labor Law for wage and hour violations. **Ansoumana v. Gristede's Operating Corp.**, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003). To be held liable under FLSA, Williams must be an employer. To determine whether an individual is an employer under FLSA and New York Labor Law, the Court considers: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." **Herman v. RSR Security Services, Ltd.**, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). Since the Court considers the totality of the circumstances, none of these factors is dispositive. "The overarching concern is whether the alleged employer possessed the power to control the workers in question." **Id**. at 139-40.

Plaintiffs argue that the deposition of defendants' witnesses, pursuant to Rule 30(b)(6),

establish that Williams has authority to: create new positions; hire, promote, suspend, discipline, or terminate employees; determine employee compensation rates, responsibilities, and work schedules, including access to or exceptions from overtime work; oversee supervisors; and set and enforce workplace policies. Defendants contest this assertion, and maintain that neither Allen nor Williams will accept personal liability in this case. Williams filed an affidavit in support of the contention that he is not an employer as defined by FLSA and New York Labor Law. *See* Williams's Affidavit in Opposition, dated April 12, 2006. The affidavit states essentially that Williams is subordinate to the defendants' Board of Directors, and is bound by the rules and regulations of the New York State Office of Substance Abuse.

Although assertions in Williams's affidavit appear to contradict both plaintiffs' contentions and the testimony of defendants' Rule 30(b)(6) deposition witnesses, this Court is not charged with making a determination on the merits of the parties claims. For purposes of filing an amended complaint, plaintiffs allegations need only state a claim on which relief can be granted. **Chowdhury**, 2005 WL 1037416, at *2. Moreover, defendants have failed to show prejudice, or that plaintiffs' amendment is futile. Since the motion to amend the complaint was filed early in discovery and immediately following the discovery of new information, the Court finds that this amendment will not prejudice defendants or delay the prosecution of this litigation. Therefore, the Court finds that plaintiffs satisfy the pleading requirements, and their request for leave to file this amendment is **GRANTED**.

**D.     The Retaliation Claims**

Defendants' answer to the original complaint asserts three counterclaims – namely, that plaintiffs 1) never worked overtime; 2) worked overtime without permission, and 3) brought this

5

action in bad faith and, therefore, should be subject to sanctions. Plaintiffs argue that these counterclaims constitute retaliation for their efforts to enforce FLSA and New York Labor Law. *See, e.g.*, **Jacques v. DiMarzio, Inc.**, 216 F. Supp. 2d 139, 141-43 (E.D.N.Y. 2002). In **Jacques**, the court "*sua sponte* questioned the viability of defendant's counterclaim," 216 F. Supp. 2d at 141, and sanctioned defendant for "asserting baseless, retaliatory counterclaims." **Id**. at 144. H

Here, plaintiffs properly pled their retaliation claim in their answer to defendants' counterclaims. Now, plaintiffs seek to include this claim in their amended complaint. Defendants object to this amendment, arguing that the counterclaims have merit. However, whether the counterclaims have merit is not at issue here. What is relevant is whether the amendment is untimely, futile, made in made faith, or will prejudice defendants. Defendants have failed to show prejudice, or that plaintiffs' amendment is futile. Therefore, the Court finds that plaintiffs satisfy the pleading requirements, and their request for leave to file this amendment is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs motion to amend the complaint is **GRANTED**. Plaintiffs shall file the amended complaint by **May 1, 2006**.

**SO ORDERED this 19th day of April 2006**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

6