**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Mark R. Humowiecki (MH 4368)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHARON GILLIAM, TRINA GRANT, TIMOTHY
MITCHELL, GERALDINE CARTHEN, JAMES
JOHNSON, and CALVIN WHITE, individually and
on behalf of all others similarly situated,

                    Plaintiffs,

       -against-

ADDICTS REHABILITATION CENTER
FOUNDATION, INC., ADDICTS REHABILITATION
CENTER FUND, INC., JAMES ALLEN, and
REGINALD WILLIAMS,

                  Defendants.

---

05-CV-3452 (RJH) (RLE)

**FIRST AMENDED**
**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs Sharon Gilliam, Trina Grant, Timothy Mitchell, Geraldine Carthen, James

Johnson, and Calvin White (collectively "Plaintiffs"), individually and on behalf of others

similarly situated as class representatives, by their attorneys Outten and Golden LLP, allege,

upon personal knowledge as to themselves and upon information and belief as to other

matters, as follows:

**PRELIMINARY STATEMENT**

1.      Defendant Addicts Rehabilitation Center Foundation, Inc. ("ARC Foundation") and Defendant Addicts Rehabilitation Center Fund, Inc. ("ARC Fund") (collectively "ARC") operate several residential and drug rehabilitation programs in Harlem, New York City.  Upon information and belief, ARC employs more than one hundred employees in various programs and facilities throughout New York City.

2.      ARC Foundation had total revenue of over $2 million in 2002-03.  ARC Fund had total revenue of over $7 million in 2002-03.

3.      Upon information and belief, Defendant James Allen ("Allen") is ARC's executive director.  According to ARC's tax returns, Allen devoted an average of 40 hours per week to his duties as executive director and drew a salary of $125,800 in 2002-2003.  ARC's tax returns also indicate that, in addition to Allen's salary, Allen received $105,364 in 2002-03 from ARC Foundation for "professional services" as a "consultant" and that Allen was ARC Foundation's highest paid "independent contractor" for 2002-03.

4.      Upon information and belief, Defendant Reginald Williams ("Williams") is ARC's Chief Operating Officer ("COO").  According to ARC's tax returns, Williams devoted an average of 40 hours per week to his duties as COO and drew a salary of $115,000 in 2002-2003.  ARC's tax returns also indicate that, in addition to Williams' salary, Williams received $100,872 in 2002-03 from ARC Foundation for "professional services" as a "consultant" and that Williams was ARC Foundation's highest paid "independent contractor" for 2002-03.

5.      Plaintiffs bring this action for unpaid wages against ARC Foundation, ARC Fund, Allen, and Williams (collectively "Defendants").

6.      For years, Defendants have deprived their employees of wages that the employees earned by requiring them to perform work without compensating them and without paying them the overtime premium rate as required by law.  For example, Defendants regularly assigned their employees more work than they could accomplish during their regularly scheduled working hours.  In order to complete their work, Defendants' employees had to arrive at work early, before the beginning of their scheduled shifts, and remain at work late, beyond the end of their regularly scheduled shifts.  Defendants knowingly accepted the benefit of the work that its employees performed while flatly refusing to properly compensate the employees who performed it.

7.      Defendants employed several methods in executing their policy of failing to properly compensate employees.  These methods include, but are not limited to the following:

8.      At some times relevant to this Complaint, upon information and belief, Defendants recorded most of the actual hours that its employees worked by requiring employees to clock in when they arrived at work and clock out just before they left for the day.  However, upon information and belief, Defendants routinely altered the time records, eliminating much of the employees' time, especially the time that employees worked before and after their scheduled shifts.  Defendants did not pay its employees for the time that it eliminated from the records.

9.      At other relevant times, Defendants required employees to clock in and clock out at their designated start and end times, regardless of when they actually began and finished their work.  If employees failed to clock in and clock out at their designated times, they were subject to discipline.  As a result, Defendants failed to record the time that employees worked before and after their scheduled and failed to compensate them for this work.

3

10.     Plaintiffs and others similarly situated were victims of the unlawful policies and practices described herein.

## NATURE OF THE ACTION

11.     This action is brought to recover unpaid wages owed to Plaintiffs and all other similarly situated current and former employees of Defendants.  This action also seeks injunctive and declaratory relief against Defendants' unlawful actions and attorneys' fees and costs.

12.     By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay their employees, including Plaintiffs, for all hours worked and by failing to compensate employees, including Plaintiffs, for overtime hours worked in excess of 40 hours per workweek at a rate of one and one half times their regular rate of pay.  Defendants have also willfully violated the New York Labor Law by failing to pay their employees, including Plaintiffs, premiums of one hour's pay at the rate of minimum wage for each day in which the employee's spread-of-hours exceeded ten hours ("spread-of-hours pay").

13.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.

14.     Plaintiffs also bring this action on behalf of themselves, and a class of similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. Proc. 23, for unpaid wages, including but not limited to unpaid wages at the agreed upon rate, unpaid

4

overtime premium wages and spread-of-hours pay, pursuant to the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law" or "NYLL").

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

### Plaintiffs

#### Sharon Gilliam

18.     Sharon Gilliam ("Gilliam") is an adult individual who is a resident of Teaneck, New Jersey.

19.     Gilliam was an hourly employee of Defendants in New York State intermittently between approximately 1990 and 2004.

20.     Defendants employed Gilliam most recently as a food service supervisor.

21.     Consistent with Defendants' policy, pattern, and practice, Gilliam regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**Trina Grant**

22.     Trina Grant ("Grant") is an adult individual who is a resident of New York, New York.

23.     Grant was an hourly employee of Defendants in New York State from approximately March 1996 through approximately August 1998 and approximately April 1999 through approximately February 2004.

24.     Defendants employed Grant as a secretary.

25.     Consistent with Defendants' policy, pattern, and practice, Grant regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**Timothy Mitchell**

26.     Timothy Mitchell ("Mitchell") is an adult individual who is a resident of Forest Hills, New York.

27.     Mitchell was an hourly employee of Defendants in New York State from approximately May 2003 through approximately June 2004.

28.     Defendants employed Mitchell as a counselor.

29.     Consistent with Defendants' policy, pattern, and practice, Mitchell regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**Geraldine Carthen**

30.     Geraldine Carthen ("Carthen") is an adult individual who is a resident of Brooklyn, New York.

6

31.    Carthen was an hourly employee of Defendants in New York State from approximately March 1998 through September 1998, and again from February 2000 through November 2005.

32.    Defendants employed Carthen as a house manager and as an expediter.

33.    Consistent with Defendants' policy, pattern, and practice, Carthen regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**James Johnson**

34.    James Johnson ("Johnson") is an adult individual who is a resident of Glen Cove, New York.

35.    Johnson was an hourly employee of Defendants in New York State from approximately January 1997 through approximately August 2005.

36.    Defendants employed Johnson as a house manager and as an expediter.

37.    Consistent with Defendants' policy, pattern, and practice, Johnson regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**Calvin White**

38.    Calvin White ("White") is an adult individual who is a resident of Columbia, Maryland.

39.    White was an hourly employee of Defendants in New York State from approximately July 2000 through approximately March 2004.

40.    At various times during his employment, White worked as a maintenance work, a house manager and an expediter.

41.     Consistent with Defendants' policy, pattern, and practice, White regularly worked significant amounts of time for Defendants' benefit without compensation and regularly worked in excess of 40 hours per workweek without being paid an overtime premium.

**Opt-Ins**

42.     As of the filing of this Amended Complaint, in addition to Plaintiffs, nine others ("Opt-Ins") have consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

43.     As of the filing of this Complaint, the Opt-Ins are Robert Barnello, Reggie Berry, William Crum, Donna Halliday, Eleece Martin, Stacey McCray, Bernice Ray, Cheryl Scott, and Audria Warren.

44.     Written consents for the Opt-ins have been filed with the Court.

45.     All opt-in Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

**Defendants**

46.     Upon information and belief, Defendant ARC Foundation is a domestic corporation, incorporated in New York, doing business within the City and County of New York.

47.     Upon information and belief, ARC Foundation maintains corporate headquarters within the City and County of New York.

48.     Upon information and belief, ARC Foundation was Plaintiffs' employer.

49.     Upon information and belief, Defendant ARC Fund is a domestic corporation, incorporated in New York, doing business within the City and County of New York.

50.     Upon information and belief, ARC Fund maintains corporate headquarters within the City and County of New York.

51.     Upon information and belief, ARC Fund was Plaintiffs' employer.

52.     Upon information and belief, Defendant James Allen resides in New York, New York.

53.     Upon information and belief, Allen is and has been the executive director of Defendant ARC Foundation.

54.     Upon information and belief, Allen is and has been the executive director of Defendant ARC Fund.

55.     Upon information and belief, Allen regularly acted directly or indirectly in the interests of ARC Foundation and ARC Fund in relation to Plaintiffs and similarly situated employees.

56.     Upon information and belief, Defendant Allen had the power to hire and fire Plaintiffs at all times relevant to this action.

57.     Upon information and belief, Defendant Allen supervised and controlled Plaintiffs' work schedules and conditions of employment at all times relevant to this action.

58.     Upon information and belief, Defendant Allen determined the rate and method of payment of Plaintiffs' wages at all times relevant to this action.

59.     Upon information and belief, Defendant Allen maintained employment records relating to Plaintiffs at all times relevant to this action.

60.     Upon information and belief, Allen was Plaintiffs' employer.

61.     Upon information and belief, Defendant Reginald Williams resides in New York, New York.

62.     Upon information and belief, Williams is and has been the COO of Defendant ARC Foundation.

9

63.     Upon information and belief, Williams is and has been the COO of Defendant ARC Fund.

64.     Upon information and belief, Williams regularly acted directly or indirectly in the interests of ARC Foundation and ARC Fund in relation to Plaintiffs and similarly situated employees.

65.     Upon information and belief, Defendant Williams had the power to hire and fire Plaintiffs at all times relevant to this action.

66.     Upon information and belief, Defendant Williams supervised and controlled Plaintiffs' work schedules and conditions of employment at all times relevant to this action.

67.     Upon information and belief, Defendant Williams determined the rate and method of payment of Plaintiffs' wages at all times relevant to this action.

68.     Upon information and belief, Defendant Williams maintained employment records relating to Plaintiffs at all times relevant to this action.

69.     Upon information and belief, Williams was Plaintiffs' employer.

70.     Upon information and belief, Defendants maintained control, oversight, and direction over the operation of its facilities (including the facilities in which Plaintiffs worked) including their employment practices.

71.     Upon information and belief, Defendants were Plaintiffs' "employers" within the meaning of the FLSA and the NYLL.

## CLASS AND COLLECTIVE ALLEGATIONS

72.     Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants (the "FLSA Collective").

73.     Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for ARC as non-salaried employees between November 19, 1998 and the date of judgment in this action (the "Rule 23 Class"). ARC salaried employees and "senior managers" are excluded from the Rule 23 Class definition.

74.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

75.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

76.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

77.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(b)     what proof of hours worked is sufficient where the employer fails in its duty to maintain true and accurate time records;

(c)     whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for all of the work that they required and permitted them to perform;

(d)      whether Defendants have failed to properly compensate Plaintiffs and the Rule 23 Class for all hours worked;

(e)      whether Defendants have engaged on a pattern, practice, or policy of encouraging or requiring Plaintiffs and the Rule 23 Class to work "off the clock" and/or failing to pay Plaintiffs and the Rule 23 Class for all hours worked.

(f)      whether Defendants have failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(g)      the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class and;

(h)      whether Defendants have failed to keep accurate records as required by the FLSA and the NYLL.

78.      The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the Rule 23 Class work or have worked for Defendants and have not been properly compensated for all of the work that they have performed for the benefit of Defendants.  Plaintiffs and the Rule 23 Class have not been paid a premium for hours that they have worked in excess of forty hours per week.  Plaintiffs and the Rule 23 Class have not been paid spread-of-hours pay.  Plaintiffs and the Rule 23 Class have suffered damages, including but not limited to lost regular and overtime compensation, resulting from Defendants' wrongful conduct.

79.      Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

80.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

81.    Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

82.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASSWIDE FACTUAL ALLEGATIONS

83.    The work that Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

84.    The work that Plaintiffs and the Class Members have performed has been integral to the Defendants' business.

85.     As part of its regular business practice, the Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law with respect to Plaintiffs and the Class Members.  This pattern or practice includes but is not limited to:

(a)     willfully failing to record all of the time that their employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendants;

(b)     willfully failing to fully compensate and/or credit their employees, including Plaintiffs and the Class Members, for all of the hours that they have worked for the benefit of the Defendants;

(c)     willfully failing to pay their employees, including Plaintiffs and the Class Members, a premium for hours that they worked in excess of 40 hours per workweek;

(d)     willfully failing to pay their employees, including Plaintiffs and the Class Members, spread of hours pay;

(e)     willfully failing to keep payroll records as required by law.

86.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to an organization-wide policy, pattern, and practice of failing to pay workers, including Plaintiffs and the Class Members, regular pay, overtime premium pay, and spread-of-hours pay.

87.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

88.     Defendants' policy, pattern, and practice of violating the FLSA and the New York Labor Law, as described in this Complaint, injured Plaintiffs and the Class Members.

89.     Plaintiffs and the Class Members regularly worked in excess of 40 hours per week without being compensated for those hours (and partial hours) at a rate of time and a half for all hours (and partial hours) in excess of 40 that they worked for Defendants' benefit.

90.     Plaintiffs and the Class Members were not compensated at all for many hours (and partial hours) that they worked for Defendants' benefit.

91.     Plaintiffs and the Class Members regularly worked in excess of ten hours per day without being paid spread-of-hours pay.

92.     Defendants' violations of the FLSA and the New York Labor Law were willful.

## RETALIATION

93.     Defendants ARC and Allen filed their Answer dated July 5, 2005.  In it, Defendants alleged that Plaintiffs "willfully and fraudulently misrepresented to the Court" that they worked overtime and were not compensated.

94.     Defendants ARC and Allen, in their Answer, asserted three separate counterclaims sounding in fraud and frivolous litigation.  Defendants seek legal fees, punitive damages of $3,000,000, and sanctions against Plaintiffs and their counsel.

95.     Defendants' counterclaims are factually and legally frivolous.

96.     Defendants asserted the counterclaims solely to intimidate and punish Plaintiffs for asserting their rights under the FLSA and the NYLL by means of this lawsuit.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought By Plaintiffs on their own Behalf and on Behalf of the FLSA Collective)

97.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

99.     Plaintiffs and other similarly situated individuals who have opted into the lawsuit ("FLSA Class") have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

100.     At all times relevant, Plaintiffs and the members of the FLSA Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

101.     The overtime wage provisions set forth in the FLSA apply to Defendants. Defendants, at all times relevant to this Complaint, have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

102.     Defendants have willfully failed to record, credit, or properly compensate Plaintiffs and the members of the FLSA Class for work performed in excess of 40 hours per workweek.

103.     Defendants have failed to pay Plaintiffs and members of the FLSA Class wages to which they were entitled.

104.     Defendants' violations of the FLSA have been willful and intentional. Defendants have not made good faith efforts to comply with the FLSA with respect to its compensation of Plaintiffs and members of the FLSA Class.

105.     Because of Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

106.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and members of the FLSA Class have suffered damages by being denied wages, including proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

107.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and similarly situated employees, and as such, notice should be sent to the members of the FLSA Class.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been denied proper wages by Defendants in violation of the FLSA and would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records.

### SECOND CAUSE OF ACTION
**(New York Labor Law: Overtime Wages)**
**(Brought by Plaintiffs on their Own Behalf and on Behalf of the Rule 23 Class)**

108.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

109.    At times relevant to this action, Plaintiffs and the Rule 23 Class Members have been "employees" and Defendants have been "employers" within the meaning of the New York Labor Law.

110.    Defendants have willfully failed to record, credit, or compensate Plaintiffs and the Rule 23 Class Members for all hours worked in excess of 40 hours per workweek.

111.    Defendants have willfully failed to pay Plaintiffs and the Rule 23 Class Members proper overtime wages to which they were entitled under the New York Labor Law.

112.    By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members an overtime premium for all hours worked in excess of 40 hours per week, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

113.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and other relief pursuant to the New York Labor Law Article 19, §§ 650 et seq.

114.    Plaintiffs do not seek liquidated damages under the New York Labor Law.

### THIRD CAUSE OF ACTION
**(New York Labor Law: Spread-of-Hours Pay)**
**(Brought by Plaintiffs on their Own Behalf and on Behalf of the Rule 23 Class)**

115.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    Defendants have willfully failed to pay Plaintiffs and the Rule 23 Class Members the additional spread-of-hours compensation of one hour's pay at the rate of the minimum wage for each day in which their spread-of-hours exceeded ten hours.

117.    By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

118.    Plaintiffs do not seek liquidated damages under the New York Labor Law.

## FOURTH CAUSE OF ACTION
### (New York Labor Law: Unpaid Wages)
### (Brought by Plaintiffs on their Own Behalf and on Behalf of the Rule 23 Class)

119.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

120.    Defendants hired Plaintiffs and the Rule 23 Class Members at an agreed rate of pay.

121.    Defendants willfully failed to record, credit, or compensate all work performed by its Plaintiffs and the Rule 23 Class Members at the agreed rate, including Plaintiffs and the Rule 23 Class Members.

122.    By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members their wages for all hours worked at the agreed rate, it has willfully violated the New York Labor Law Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

123.    Plaintiffs do not seek liquidated damages under the New York Labor Law.

## PLAINTIFFS' FIFTH CAUSE OF ACTION
### (Retaliation – Fair Labor Standards Act)
### (On Behalf of Plaintiffs Individually)

124.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Plaintiffs filed the instant lawsuit to enforce their rights to receive lawful wages under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL).

126.    Plaintiffs' lawsuit is a protected activity under 29 U.S.C. § 215(3).

127.    In response to plaintiffs' lawsuit, Defendants filed the Counterclaims against plaintiffs.

128.    The allegations contained in Defendants' Counterclaims are knowingly false.

129.    Defendants' Counterclaims are legally frivolous.

130.    Defendants brought the Counterclaims because Plaintiffs filed this action to enforce their rights under the FLSA.

131.    Defendants brought the Counterclaims against Plaintiffs in order to harass and intimidate Plaintiffs, and/or to otherwise interfere with Plaintiffs' attempts to vindicate their rights under the FLSA.

132.    The filing of defendants' counterclaims constitutes unlawful retaliation in violation of 29 U.S.C. § 215(3).

133.    Plaintiffs have suffered damage including but not limited to intimidation, harm to their reputation, legal costs, and delay as a result of defendants' retaliatory litigation.

## PLAINTIFFS' SIXTH CAUSE OF ACTION
### (Retaliation – New York Labor Law)
### (On Behalf of Plaintiffs Individually)

134.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

135.    Plaintiffs' lawsuit is a protected activity under New York Labor Law § 215.

136.    Defendants' filing of counterclaims constitutes retaliation in violation of New York Labor Law § 215.

137.    By filing Counterclaims against Plaintiffs, Defendants have retaliated against them, discriminated against them, and penalized them in violation of New York Labor Law § 215.

138.    Defendants brought the Counterclaims because Plaintiffs filed this action to enforce their rights under the New York Labor Law.

20

139.    Defendants brought the Counterclaims against Plaintiffs in retaliation for Plaintiffs bringing this action to enforce their rights under the New York Labor Law.

140.    Defendants brought the Counterclaims in order to harass and intimidate Plaintiffs, and/or to otherwise interfere with Plaintiffs' attempts to vindicate their rights under the New York Labor Law.

141.    Notice of this claim has been served upon the Attorney General pursuant to New York Labor Law § 215(2).

142.    Plaintiffs are entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

143.    Plaintiffs have suffered damage including but not limited to intimidation, harm to their reputation, legal costs, and delay as a result of defendants' retaliatory litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages.

B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Representative Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

F.      Unpaid wages including but not limited to overtime, wages at the agreed rate, and spread of hours pay pursuant to the New York Labor Law Article 6, §§ 190 et seq., N.Y. Lab. Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G.      Pre-judgment interest;

H.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

I.      Attorneys' fees and costs of the action;

J.      After the determination of class-wide liability, of individual damages, and of Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 681(1) and Article 6 § 198 (1-a) of the New York Labor Law; and

K.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:          April 20, 2006

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

Mark R. Humowiecki

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Mark R. Humowiecki (MH 4368)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
**Attorneys for Plaintiffs**

23

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SHARON GILLIAM, TRINA GRANT,
TIMOTHY MITCHELL, individually and on
behalf of all others similarly situated,

                Plaintiffs,

    v.                                     O5 CV 03452 (RJH) (RLE)

ADDICTS REHABILITATION CENTER
FOUNDATION, INC., ADDICTS
REHABILITATION CENTER FUND, INC., and
JAMES ALLEN,

                Defendants.

## <u>CERTIFICATE OF SERVICE</u>

      I, Marwan Sehwail, under penalties of perjury, certify the following as true and

correct:  I am not a party to this action; and I am over 18 years of age. On this 20th day of

April 2006, I served a true and correct copy of the foregoing:  "First Amended Class Action

Complaint" herewith by causing same to be served by mail to the following attorney of record

for Addicts Rehabilitation Center Foundation, Inc., Addicts Rehabilitation Center Fund, Inc.,

James Allen and Reginald Williams, defendants in this action, whose last known address is:

      Joseph Fleming, Esq.
      45 John Street, Suite 205
      New York, NY 10038

                                           _____
                                           Marwan Sehwail