**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHARON GILLIAM, et al.,              :

                               :

                   **Plaintiffs,**       :

                               :       **OPINION & ORDER**

             **- against -**          :       **05 Civ. 3452 (RLE)**

                               :

ADDICTS REHABILITATION CENTER FUND, et al. :

                               :

                 **Defendants.**     :

---

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Sharon Gilliam, Trina Grant, Timothy Mitchell, Geraldine Carthen, James Johnson and Calvin White, individually and on behalf of others similarly situated, bring this action against Defendants Addicts Rehabilitation Center Foundation, Inc. ("ARC Foundation"), Addicts Rehabilitation Center Fund, Inc. ("ARC"), James Allen, and Reginald Williams (together, "Defendants"). Plaintiffs filed a complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay overtime to hourly, non-exempt employees. Before the Court is Plaintiffs' request, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for final approval of a settlement agreement. For the reasons set forth below, the motion is **GRANTED,** the settlement is **APPROVED.**

## II. BACKGROUND

On April 1, 2005, Plaintiffs filed their initial class action complaint, and on April 20, 2006, filed an amended complaint. On September 5, 2006, the Parties agreed to settle. On October 2, 2007, the Court provisionally certified the class and ordered that notice be given to putative class members. On January 3, 2008, Plaintiffs filed a motion for certification of a

settlement class and for final approval of a class action settlement. A hearing was held on

January 17, 2008. There were no objections to the proposed settlement.

## III. DISCUSSION

### A. Certification of Settlement Class

Before reaching the merits of the proposed settlement, the Court must ensure that the

settlement class is certifiable. *See Denney v. Deutsche Bank AG,* 443 F.3d 252, 270 (2d Cir.

2006) ("Before certification is proper for any purpose –settlement, litigation, or otherwise– a

court must ensure that the requirements of Rule 23(a) and (b) have been met."). Plaintiffs seek to

certify the following settlement class: all individuals employed by ARC Fund as hourly, non-

supervisory employees in its residential drug rehabilitation centers in New York City between

November 19, 1998, and April 1, 2005. Certifiability turns on whether Plaintiffs can satisfy the

four Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy of

representation. FED. R. CIV. P. 23(a); *see also Amchem Products, Inc. v. Windsor,* 521 U.S. 591,

613 (1997). "[P]arties seeking class certification must [also] show that the action is maintainable

under Rule 23(b)(1), (2), or (3)." *Amchem,* 521 U.S. at 614.

The numerosity criteria, which requires that joinder of all members is impracticable, *see*

*Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993), is satisfied. The putative class is

sufficiently large because it consists of approximately 245 members, *see Consol. Rail Corp. v.*

*Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 2003) (presuming that 40 members meets test for

numerosity), and the value of the individual claims is sufficiently small. It is unlikely that this

case would be brought by the individual class members since, on the individual level, it is of

small monetary value as compared to the burdens of litigation.

The commonality requirement is satisfied because there are "questions of law or fact common to the class," FED. R. CIV. P. 23(a)(2), and the "injuries derive from a unitary course of conduct by a single system," *Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir. 1997). The proposed class members' claims all derive from the same alleged breach of law by Defendants.

The typicality requirement is satisfied because, since the claims of the named Plaintiffs and the putative class members follow from allegations that Defendants failed to pay them in violation of state and federal law, the claims of the class representatives are typical of those of the class. *See Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 155 (2d Cir. 2001). Furthermore, each putative class member's claim arises from the same course of events, and each would make similar legal arguments to prove Defendants' liability. *Id.* Therefore, there is a sufficient showing of Rule 23(a)(3) typicality.

The adequacy of representation requirement is satisfied. First, "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Second, "class counsel [are] qualified, experienced, and generally able to conduct the litigation." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). They have substantial experience prosecuting class action cases involving wage and hour claims. Finally, there is "no conflict of interest between the named plaintiffs and other members of the plaintiff class." *Marisol A.,* 126 F.3d at 378. The Court has no reason to believe named Plaintiffs may have conflicting interests, as their interests are sufficiently aligned with those of the putative class members to ensure that the interests of the latter are protected.

Finally, certification under Rule 23(b)(3) is proper because "questions of law or fact common to members of the class predominate over any questions affecting only individual

members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. PRO. 23(b)(3). This determination follows from these considerations:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties to be encountered in the management of a class action.

*Id.* In this case, the disposition of a common issue –whether employees were illegitimately denied overtime pay– subsumes questions affecting only individual members; there is no other pending litigation; the action is pending in a district to which most if not all putative class members have ready access; and no difficulties are likely to be encountered in the management of a class action.

For all of these reasons, the settlement class is certifiable.

**B. Merits of the Proposed Settlement**

Federal Rule of Civil Procedure 23(e) controls the settlement of class actions, and requires the Court to approve any settlement before it can be executed. Under the terms of the proposed settlement, Defendants would establish a settlement fund of $450,000 to be distributed among Plaintiffs and the class, to pay a portion of Plaintiffs' attorneys' fees and costs, "and to compensate the named representatives for their service to the class" (Mem. of Law in Supp. of Pls.' Mot. for Certification of a Settlement Class and Final Approval of a Class Action Settlement at 7). Defendants would also pay the costs of settlement administration. The settlement fund would be divided as follows: reasonable costs not to exceed $15,000 and attorneys' fees in the amount of one-third of the settlement fund after deduction of costs, or

4

approximately $145,357.80; risk payments to named Plaintiffs Sharon Gilliam, Trina Grant and Timothy Mitchell of $4,000 each, in addition to their pro rata share of the settlement fund; risk payments to named Plaintiffs Geraldine Carthen, Calvin White and James Johnson of $1,500 each, in addition to their pro rata share of the settlement fund; the balance of approximately $274,166.67 will be distributed to class members according to a formula devised by the Parties that considers job category, length of service, and final salary. If any part of the settlement fund is not dispensed, a cy pres award in the remaining amount would be paid to The Legal Aid Society. Finally, class members agree to release all claims against Defendants arising from alleged violations of FLSA and NYLL in connection with their alleged failure to pay regular hourly pay, spread-of-hours pay, and overtime premium wages.

While judicial policy favors the settlement of class actions, *see In re Paine Webber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998), Courts may not "rubber stamp approval in favor of an independent evaluation," *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir. 1974), *overruled on other grounds by Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285 (1989). "Before such a settlement may be approved, [the Court] must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion." *Joel A. v. Giuliani,* 218 F.3d 132, 138 (2d Cir. 2000). The Court "determines a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). The Court also minds these nine factors to evaluate whether a settlement is sound:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial; (7) the ability of Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell,* 495 F.2d at 463.

### 1. Procedural Fairness

The Court is satisfied that the settlement is the result of extensive arm's length negotiations between attorneys who were familiar with the case. The Court was extensively involved with the settlement discussions that led to this agreement, and recommended that the Parties settle for $450,000. The settlement is procedurally fair.

### 2. Complexity, Expense and Likely Duration of the Litigation

The expense and likely duration of continuing litigation favors approval of the settlement agreement. Prolonging litigation would be costly and burdensome. Plaintiffs would move for class certification, which Defendants might oppose, and the attendant motion practice and appeals would inevitably delay resolution. Furthermore, the Parties would have to undertake additional discovery, and any trial has the potential to last several weeks, which together would increase the costs associated with this litigation significantly. Finally, it is uncertain whether Defendants could satisfy a judgment.

### 3. Reaction of Class to Settlement

Class action settlement notices were mailed to approximately 238 individuals, and seven individuals who did not receive notices identified themselves as potential class members. None of those 245 individuals has opted out of or objected to the proposed settlement. Furthermore,

none of the class members attended the January 17, 2008 fairness hearing. The reaction of the class to the settlement was positive, which favors approval of the settlement.

4. Stage of the Proceedings and the Amount of Discovery Completed

Plaintiffs have conducted adequate discovery over three years to permit them to enter responsibly into this settlement. They are well situated to assess its fairness and reasonableness.

5. Risks of Establishing Liability

The risk of establishing liability weighs in favor of approving the settlement. While Plaintiffs are confident that they can establish liability, juries are unpredictable, and Plaintiffs' likelihood of success rests on convincing them to find against potentially sympathetic Defendants in the business of providing drug treatment.

6. Risks of Establishing Damages

The risk of establishing damages also weighs in favor of approving the settlement. Plaintiffs cannot be certain that they will establish the full extent of class-wide damages at trial, and may therefore prefer the certainty of settlement. The precise magnitude of damages is difficult to assess because Defendants' electronic time records are unreliable, and jury assessments of damages are unpredictable.

7. Risks of Maintaining the Class Action Through the Trial

Although the Court has deemed the class certifiable for settlement purposes, it is not certain that the class would be certified in the absence of settlement. Defendants may challenge certification and prevail. The risk that certification might be denied weighs in favor of settlement.

8. Defendants' Ability to Withstand Greater Judgment

It is not likely that Defendants could withstand a greater judgment than the total amount for which the case is settling. Defendants are two nonprofit agencies and two individuals that have represented that they would be unable to pay a significant judgment to resolve the controversy. It is questionable whether Defendants would even be able to pay to defend the case, or whether they would be able to satisfy a larger judgment after a long and costly trial. The risk that Defendants might not be able to withstand greater judgment supports settlement.

9. Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery

The value of the settlement fund justifies settlement. Although the proposed settlement represents a fraction of the best possible recovery, it is not "grossly inadequate." *Grinnell,* 495 F.2d at 455. Plaintiffs cannot be certain that they will induce a jury to award the best possible recovery. Furthermore, settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing "speculative payment of a hypothetically larger amount years down the road." *Teachers' Ret. Sys. of Louisiana v. A.C.L.N., Ltd.,* No. 01 Civ. 11814 (MP), 2004 WL 1087261, at *5 (S.D.N.Y. May 14, 2004).

10. The Range of Reasonableness of the Settlement Fund to a Possible Recovery in Light of all Attendant Risks of Litigation

Although Plaintiffs might ultimately recover more at trial than the settlement amount, significant risks would obtain, including the extent of any damage award and the uncertainties associated with collecting a judgment from a state funded nonprofit organization. The settlement guarantees a significant amount of compensation for class members. It also allows for fair distribution of the funds between class members. Class members employed throughout the class

period will likely receive an average of more than $2000 each, while the average award for all employees is expected to exceed $1,100. This is reasonable for the class to accept given the vicissitudes and costs of prolonged litigation.

Furthermore, increased, incentive payments to the named representatives for their service to the class is reasonable. The named representatives worked with class counsel throughout the case. They committed time and offered important information, contacted witnesses and provided documentary evidence to support liability and damages. The increased payments are an appropriate use of the overall settlement.

Finally, the payment of attorneys fees under the settlement is reasonable. It provides that class counsel is entitled to one-third of the common fund after deduction of legal costs, which is consistent with the norms of class litigation in this circuit. *See, e.g., Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini,* 258 F.Supp.2d 254, 262 (S.D.N.Y. 2003); *In re Blech Sec. Litig.,* No. 94 Civ. 7696 (RWS), 2002 WL 31720381, at *1 (S.D.N.Y. Dec. 4, 2002); *Adair v. Bristol Tech. Sys.,* No. 97 Civ. 5874 (RWS), 1999 WL 1037878, at *4 (S.D.N.Y. Nov. 16, 1999).

For all of these reasons, the Court finds that the terms of the proposed settlement are fair.

## C. Class Notice

Classes certified under Rule 23(b)(3) are required to "direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Pursuant to this Court's October 2, 2007 Preliminary Approval Order, the class notice was sent by first-class mail to each identified class member at his or her last known address. It fairly and adequately advised the members of the settlement class of the terms of the settlement and the claims process to obtain the benefits available

thereunder, as well as their right to opt out of the class, to file documentation in opposition to the settlement, and to appear at the January 17, 2008 fairness hearing. The Court finds that the manner of delivery of the class notice, as well as its form and content, satisfied Rule 23(c)(2)(B).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' request for final approval of the class action settlement is **GRANTED.**

**IT IS HEREBY ORDERED** that the Parties distribute the settlement funds in accordance with the terms of the settlement.

**SO ORDERED this 24th day of March 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**