UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON GILLIAM, et al.,

                          Plaintiffs,

      - against -

ADDICTS REHABILITATION CENTER FUND, et al.,

                          Defendants.

OPINION AND ORDER

05 Civ. 3452 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

      After a needlessly protracted timeline for resolving settlement in this case, the Court ordered Defendants to show cause why they should not be held in contempt for failure to comply with the Court's November 19, 2008, and November 25, 2008 Orders (*see* Docket Nos. 70 & 71) regarding payment of the final settlement disbursal and Settlement Administrator fees. "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (1989); *see also In re Weiss*, 703 F.2d 653, 660 (2d Cir. 1983) (referencing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

      The undersigned further ordered Defendants to include certain information regarding disputed Settlement Administrator fees. (*See* Docket No. 72.) Defendants responded with a one-page letter on December 31, 2008, but their response made no effort to provide facts, law, or other reasoning for their failure to comply with this Court's November Orders or towards showing cause why they should not be found in contempt. Further, Defendants entirely failed to address the issue of

disputed Settlement Administrator fees or provide a proposal for resolution. The letter merely referenced a letter to the Court predating its December 19, 2008 Order, stated Defendants believed that letter was fully responsive to the Court's Order to Show Cause, and notified the Court that the *undisputed* amount owed to the Settlement Administrator was paid.

The Court concludes that Defendants have **FAILED** to show cause why they should not be held in contempt for failing to comply with the Court's November Orders regarding deadlines for paying the remaining settlement balance and administrator fees. Further, Defendants **FAILED** to comply with the Court's December 19, 2008 Order by neglecting to address any of the specific questions about the disputed fees.[1] Defendants' sparse communications entirely ignore the Court's inquiry into why they failed to comply with the Court's various Orders. As a result,

**IT IS HEREBY FOUND** that Defendants are in contempt of the Court's Orders. Pursuant to 18 U.S.C. § 401, the Court is granted the authority to impose fines where it finds litigants have disobeyed its orders. *Id.* § 401(3). Federal courts have also found that "civil contempt sanction[s] may . . . serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Nat'l Org. for Women*, 886 F.2d at 1352. Additionally, "[c]ompensatory damages should reimburse the injured party for its actual damages." *Id.* at 1353; *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949) ("The measure of the court's power [to grant the relief that is necessary to effect compliance with its decrees] in civil contempt proceedings is determined by the requirements

---

[1] Defendants supplied the Court with a subsequent one-page letter on January 12, 2009. This letter 1) notes that counsel had confirmed the Settlement Administrator's receipt of the undisputed sum, 2) notes that the Administrator had been advised of Defendants' objections to certain Administrator fees, and 3) requests the Court's guidance in resolving that dispute. However, the Court finds this letter inadequate and only marginally responsive to the outstanding questions issued by the Court in its December 19, 2008 Order. In addition to failing to comply with the deadline set by this Court for response, Defendants also provide no explanation for the tardiness and do not identify the disputed balance or provide any suggestion for resolution of the dispute.

of full remedial relief."). Finally, "courts have authority to enforce their lawful orders through civil contempt, . . . [and] in selecting contempt sanctions, a court is obliged to use the 'least possible power adequate to the end proposed.'" *United States v. City of Yonkers*, 856 F.2d 444, 454 (2d Cir. 1988) (quoting *Shillitani v. United States*, 384 U.S. 364, 371 (1966) (quoting *Anderson v. Dunn*, 19 U.S. 61, 69 (1821))).

**IT IS THEREFORE ORDERED** that Defendants shall pay all outstanding fees owed the Settlement Administrator. Defendants' noncompliance has resulted in the delay of efficient and appropriate resolution of this action. Further, Plaintiffs' counsel has indicated to the Court that if Defendants do not pay the Settlement Administrator fees in total, Plaintiffs' counsel will incur the balance, as they find the charges reasonable and appropriate,[2] made in good faith, and want to maintain a working relationship with the Administrator. Thus, charging Defendants to pay in full the remaining fees is a reasonable and commensurate fine, and complies with the Court's inherent power to impose recompense for violations of its Orders. No dispute or contention from Defendants about the remaining value shall be entertained by the Court and they shall make this full and final payment on or before **March 23, 2009.** Defendants' failure to comply with this Order by that date will result in the assessment of additional fines of one hundred dollars ($100) per day.

**SO ORDERED this 23rd day of February 2009**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

---

[2] Defendants' counsel asserts that his client "concluded that some of those services [provided and billed for] were unnecessary and that the time spent, for which [his] client was billed, was unreasonable." (Defs.' Letter to the Court, Jan. 12, 2009.) However, Defendants fail to provide any detail or specificity to support this allegation. Without more, Defendants' allegation that these activities should have been conducted by Plaintiffs' counsel, as contrasted by Plaintiffs' counsel's opposite assertion, is found unsubstantiated.